May it please the court, Steve Sadie on behalf of Emert Flowers. The overarching principle of the Sentencing Reform Act is to achieve a sentence sufficient but not greater than necessary to achieve the purposes of sentencing. The 100 to 1 crack powder disparity was found to lead not only to massive over-incarceration, but sentences greater than necessary that had a disparate impact on African Americans. This case involves the scope of a partial remedy. Whether the district court had jurisdiction to decide whether to reduce the crack sentencing imposed on Mr. Flowers. And there are three grounds for jurisdiction. First, Mr. Flowers had been sentenced to a term of imprisonment based on a sentencing range that had been reduced. But it's irrelevant because he was also sentenced to the career offender guideline. He was not. He was, as a matter of law, the only sentence that was in effect at the time of the original sentencing was the drug quantity level, the base offense level of 34. As a matter of law, the career offender only applies if it's greater than. Therefore, and because the sentencing statute, the 3582C2 is in the past, has been sentenced. He has been sentenced based on that level, and it's been reduced. So not only is it literally, and the district court felt constrained by the law of the case, but I think that both the Van Alsten case in this Court that we've provided by a 28-J letter and Bobby v. Bees in the Supreme Court both show that law of case does not apply when there's an intervening change of legal context. Here, the change was the retroactive guideline. At the original sentencing, it made no difference. Nobody litigated. Nobody pointed it out to the judge. So we shouldn't be constrained here by using an illegal formulation of what happened at the original sentence. I thought the judge made the calculation on the both. Didn't the judge make calculation on the both? Yes. And that was because nobody pointed out to her that it was unnecessary to do so and that it was unlawful to do so, basically an advisory opinion, because it only applied if greater. Maybe so, but if she erred in doing that back then, the time for appealing that decision is gone. Only if it's the law of the case doctrine applies, and I submit that it does not. And besides, it was also at least partially based. She said both. She doesn't know which one applied. She said at page 33 of the executive record how much weight she gave the drug quantity change using that 34. So she is at least partially based on it. And under Santos, we should be using a rule of lenity. If there's any ambiguity about whether based on includes this situation, we should certainly be looking to accomplish the goal of the Sentencing Reform Act, which is not having over-incarceration if we can avoid it. And there's never been a judicial sentencing decision based on the gap between the career offender offense level and the drug quantity level. Okay. So now let's assume we accept all those hurdles are out of the way. And you're saying that now that the base level for drugs would be 32, right? Yes. Okay. Now, going back to your reading of the 4B1.1, it says now it is greater than. So now they would still go. But now she would, if we were looking at it today, 32 versus 34 under career offender, under your reading, she would have to go to career offender, right? And in the resentencing context with jurisdiction, that would be one of the 3553A factors that she would have to take into consideration, but it would not prevent her from making a decision that, yes, she should have the advantage of the lower sentence because the severity, the seriousness of the crime has now, we now understand it to be less so than at the time of my original sentencing. Okay. I just want to make sure I understand. It says if the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level shall apply. Okay. So it would be 34. Yes. Which is what he got sentenced on originally. Yes. The question is jurisdictional. So he has been sentenced. He had been sentenced at a level that was down lower. Yes. Now, in a new sentencing, she would be saying, okay, career offender is 34, but the severity is 32, and I have to make a decision. Would I impose that sentence or would I depart downward based on the now understanding that it's less serious than I thought it had been previously? So that is a question of what happens at the sentencing hearing itself, not a jurisdictional bar, which is a key difference, which also goes to the second basis for jurisdiction, which is that this was a departure from a career offender guideline based on over-representative criminal history. And we have a fairly well-established series of cases, starting with Ragland, Poindexter, McGee, and Willis, showing that when there is a sentence that's outside of the career offender and this is a non-career offender sentence because it's not shall be category 6, she departed downward. And in this Ninth Circuit, it's specifically stronger because of Reyes, the case upon which she literally relied, she mentioned the case in making her decision, requires consideration of the seriousness of the offense as part of the proportionality analysis on whether to depart. So the fact that she has departed based on Reyes, based on proportionality, that also shows that the sentence was lowered, is lowered based on the lower amount of severity that we attribute to that quantity of drugs upon which he was sentenced. So that also provides a strong basis for jurisdiction by the judge. The fact that it's horizontal or vertical makes no difference at all because the question is whether it's a non-career offender sentence, which this is a non-career offender sentence. Reyes, of course, was vertical. She used the same analysis from Reyes. And if we didn't do it that way, there would be an irrational disparity in the treatment, jurisdictional treatment of people based on whether they had a horizontal or vertical departure. And lastly, I think in this case in general, we can see that this is a case where there was a the amount, the severity that the drug quantity implicated from the drug quantity table played a very large role in the sentencing. At the time of sentencing, his drug behavior is reprehensible. The quantities of drugs he was dealing was huge, obviously played a big role in where that initial sentence was placed. Ten years, a wallop of a sentence, even for 300-some grams of cocaine, again, obviously taking into consideration the severity of the drugs. And the only way you can measure that is through the drug quantity table. In this context, I think it's clear that there is the change is one where all we're asking for is a jurisdictional decision. Allow the discretion. The judge is free to decide whether and how much to reduce the sentence. The only question is whether she has the power to do it. And this threshold of jurisdiction should be low in a situation where we're dealing with one of the major civil rights issues in the Federal sentencing system, where the disparities should be approached, where we should be trying to accomplish the overall goal of not having over-incarceration, not having more prison than necessary to accomplish the goals of sentencing. I would reserve the remaining time unless there are questions. Thank you. We'll hear from the Governor. May it please the Court. Kelly Zusman appearing on behalf of the United States. I agree with Mr. Sady that the central issue here is that of jurisdiction. I disagree with the arguments that he raises regarding the reasonableness of the sentence and the sense that Mr. Flowers was over-incarcerated. The only issue here is 3582C. Did Judge Brown properly determine that she lacked jurisdiction or the authority to further reduce Mr. Flowers' sentence because he was a career offender? We know from this Court's – reading this Court's recent decisions in Lanier and Wesson that if the sentencing range, not just the offense level, but if the sentencing range isn't reduced by operation of the retroactive amendment, the district judge lacks the jurisdiction to further reduce that sentence. And that goes back to the finality doctrine. This is the final sentence. He exhausted his rights of appeal. His sentence was affirmed. So the only basis upon which Judge Brown could have further reduced this sentence is because of 3582C. She looked at the statute. She looked at the guidelines. She stated repeatedly throughout the sentencing hearing that she was finding that he was, in fact, a career offender. When she made the criminal history departure, she departed only one level, from a 6 to a 5. If she had completely set aside the career offender, as what happened in Magee – Magee, like Rays, was a case in which the district judge said, I think career offender is inappropriate here, so I'm going to sentence you based upon the drug guidelines. The district judges in those cases said that explicitly. You have nothing approaching that here. What you have is Judge Brown repeatedly saying, you've raised objections to both the drug quantity and the career offender. I'm rejecting all of those objections. I do think the pre-sentence report accurately has computed the drugs and has accurately determined that you are, in fact, a career offender. So that gives me a starting point of an offense level 34. Now, if Mr. Sadie was correct that all it takes is a change in the offense level, then 3582C would have to be written differently. It's not. It says you have to have a reduction in the sentencing range. And as Judge Fisher pointed out, if we were here today, he'd be a 32 on the drugs, he'd be a 34 on the career offender. 34 would apply. There would be no reduction in the sentencing range. And let's just – And you're saying that if we did that – well, maybe I'm misunderstanding his argument. But I got the – that she would look at the disparity – I mean, she would look at the 32, 34, but at least at that point she would have had the discretion then to depart downward because the drug offense was not as serious. And I think Mr. Sadie's argument is that because she considered drug quantity – Which she did. She said she was looking at both. Right. She said she did. And we know from Wesson that that's not good enough for jurisdiction under 3582. The fact that the judge considered drug quantity, the fact that she considered all of the factors under 3553A doesn't give rise to jurisdiction. And if we apply 1B1.10, which says you look at, you know, what would – the amended guideline range, what would the impact have been at the time? If you had a 32 for the drugs and a 34 for the career offender, we know from 4B1.1 that the 34 would have controlled. The other key piece there is that the career offender, it didn't switch off. 4B1.1 has really three components to it. The first under subsection A is what defines a career offender. And I don't think there's been any question raised here that Mr. Flowers fits that definition. He was over the age of 18. He had two prior convictions. He was a career offender under that definition. We then turn to subpart B, which also has two components. It's the offense level, and it says apply the grader. And here it was equal, so it was 34. And it also directs the district court to make sure that the person is classified as a criminal history category of 6, and that's what Judge Brown did. And if you look at her fact-finding order, you will see that what she says is offense level 34 for two alternative reasons, but the sentencing range is the 34 and the 6. It only comes down to a 5 after her departure, and it never goes down to a 4, which is what he would have faced if he didn't face the career offender guideline. So I think Judge Brown properly looked at, she applied the statute, she applied the guidelines, and she said, I don't have jurisdiction. He was a career offender, and we know from Wesson, if you're a career offender, you can't get your sentence further reduced under Amendment 706. Unless there are any further questions, I'll submit. Thank you. Thank you, Your Honor. Wesson, of course, specifically left open and cited to Poindexter and Ragland, leaving this exact question that the Court is addressing today about on our second basis for the reduction. And in addressing that point, the question isn't whether an entire career offender was ignored, it's whether was a career offender sentence imposed, which shall be imposed in career offender Category 6. This was not shall be, so it was not a career offender sentence. We are in a different world. We're in the world of Reyes. We're in the world of considering a proportionality analysis that necessarily considers the quantity of drugs involved. At the outset, the government is taking the position that you should be looking I think this is a very narrow issue and taking it out of the statutory context. One of the basic rules of statutory construction is to look at a statute in context. And the context that I believe most strongly applies to this situation is the Sentencing Reform Act, that the Supreme Court and this Court, Embank and Cardi, has just finished talking about how important the basic principle of parsimony is in making decisions about what a statute says and how to construe it. There is discretion here. There is the plain language applies. The literal amount that Judge Fischer just observed about the 30 to 32, that fits the statutory. That's all you have to do. You don't need to go any further than that. We have two other layers of jurisdictional analysis that the Court can rely on. Okay. Thank you. Case, you will stand submitted.
judges: Kozinski, Fisher, Paez